# Calhoun *versus* Logan.

1. In an amicable action entitled against L. and C., C. alone appeared and confessed judgment against both, there being no evidence of notice to L., or of authority by him to C. to confess the judgment: *Held*, that though the judgment was valid against C. who confessed it, it was invalid as against L.

2. The judgment being invalid against L., did not warrant the attachment of a judgment in his favor against a third person; and it was *Held*, that the payment of the amount of it by the defendant therein to the attaching creditor, after judgment against the bail of the said defendant on his recognisance for stay of execution, would not relieve the bail from the claim of the plaintiff in the judgment.

3. In a *scire facias* against the bail in the said judgment, on his recognisance for stay of execution, the recognisor plead the said attachment, and judgment therein against him by the alderman: it was *Held*, that if the re-

[Calhoun v. Logan.]

cognisor had any relief, it could have been had only by appeal from the judgment of the alderman, and not by motion to the Court of Common Pleas after transcript of a judgment against him on his recognisance had been filed therein.

4. The evidence submitted to the Court of Common Pleas, on the hearing of a motion or a rule to show cause, is not part of the record, nor the subject of a bill of exceptions; and, therefore, is not examinable on a writ of error.

ERROR to the Common Pleas of *Allegheny county.*

James Logan obtained judgment before an alderman against John McDowell, on 10th June, 1851, for $15 ; and on same day, John Calhoun became bail by recognisance for stay of execution.

An amicable action was entered into before another alderman, in a suit entitled N. B. Craig & Son *v.* James Logan and John Calhoun. It was stated on the docket that on June 7, 1851, parties appear and defendant, J. Calhoun, for himself and James Logan, voluntarily confesses judgment to plaintiffs for $12 and costs of suit, &c.

On Oct. 27, 1851, an attachment execution issued against John McDowell, as garnishee of James Logan and John Calhoun. Nov. 3, 1851, John McDowell appeared and testified that at the time of the service of the attachment he was indebted to Logan and Calhoun the sum of $15, and the alderman entered judgment against him for $15. On February 5, 1852, execution issued, and on February 17, 1852, McDowell paid the debt, interest, and costs.

It did not appear that Logan appeared in person to the suit of Craig & Son, nor was any authority in Calhoun, to appear for him and confess judgment, set forth.

A *scire facias* on the recognisance of Calhoun as bail of McDowell, was issued in favor of Logan, on 30th January, 1852. On 5th February, 1852, the parties appeared, and Calhoun the defendant plead that an attachment for $15 had been served on McDowell, on a judgment against Logan and Calhoun (meaning the judgment in favor of Craig & Son), and that a judgment for that amount had been entered against him (Calhoun) by the alderman. Notwithstanding the plea, judgment was rendered for plaintiff for $16.55, and costs. On 16th February, 1852, this judgment was assigned by Logan to William Shields. Calhoun, the defendant, took an appeal, but it was not afterwards entered in the Common Pleas.

Shields, the assignee, took a transcript of the judgment against Calhoun, and had it filed in the Common Pleas, and a *fi. fa.* was issued. Calhoun then had a copy of the record of the attachment in favor of Craig & Son filed in Court, and obtained a rule to show cause why the judgment against him in favor of Logan should not be marked satisfied. January 31, 1853, the rule was discharged; and afterwards this writ of error was taken.

It was, *inter alia,* assigned for error, that the Court erred in discharging the rule to show cause.

*Barton,* for plaintiff in error.

[Calhoun *v.* Logan.]

*Mellon*, contrà.

The opinion of the Court was delivered, September 22, by

LEWIS, J.—On the 10th of June, 1851, Logan obtained a judgment before an alderman, against McDowell, for $15; and, on the same day, Calhoun, the plaintiff in error, became bail for the stay of execution. On the 30th of January, 1852, Logan issued a *scire facias* against Calhoun, the bail of McDowell, and on the 5th of February, 1852 (the appearance day), Calhoun pleaded an attachment execution at the suit of Craig & Son, founded on an alleged judgment obtained by them against Logan and Calhoun. The alderman, on examining into the case, gave judgment in favor of Logan against Calhoun. The latter gave bail for an appeal, but did not think proper to enter his appeal on the docket of the Common Pleas. Logan issued execution on the 28th of April, 1852, but the constable returned "*No goods.*" A transcript was filed in the Common Pleas on the 29th of May, 1852. On the 17th July, 1852, Calhoun obtained a rule to show cause why the judgment should not be marked "satisfied." This rule was discharged by the court below, and the writ of error is taken to reverse that decision.

It is plain that if the attachment at the suit of Craig & Son, furnished any defence to the *scire facias*, it was the business of Calhoun to plead it before the alderman. He did so, but the alderman decided against him. What then? Undoubtedly it was his proper course, if he thought the decision unjust and erroneous, to appeal to the Court of Common Pleas. This he undertook to do, and entered bail to prosecute his appeal with effect. But he neglected or declined to enter the appeal on the docket of the Prothonotary, so as to make it effectual. Why did he decline to perfect his appeal? An examination of his defence may furnish a satisfactory answer. The judgment which he pretended had been recovered by Craig & Son against Logan and Calhoun was no judgment at all, so far as Logan was concerned. No writ had been served upon, or even issued against Logan. It does not appear that Logan had any notice whatever of the suit of Craig & Son. On the contrary, the record exhibits nothing but an amicable action in which Calhoun himself, without authority from Logan, confessed a judgment in favor of Craig & Son. This judgment is good against Calhoun, but it is not a judgment against Logan. Nor is it any evidence that Logan was indebted to Craig & Son. As the latter had no judgment against Logan, they had no right to issue an attachment execution against him. They could not, under such a void proceeding, attach his demand against McDowell. Such an attachment would be no defence to McDowell. There is still less reason for permitting Calhoun, who con-

[Calhoun *v.* Logan.]

cocted it, to take advantage of his own wrong.   If Craig & Son have any claim against Logan, common justice requires that the latter should have an opportunity to be heard, before a judgment can be rendered against him.   Those who seek to deprive him of that right, furnish just ground for doubting the merits of their demands.   And from the facts before us we think that Mr. Calhoun exercised a wise discretion in declining to enter his appeal. As his defence could not stand the scrutiny of a trial by jury, it was judicious in him to avoid the expense of it.   Can he have any better success in the form of a rule to show cause?   He may save expense, but he cannot defeat the plaintiff below, for the reason that his defence is unjust and illegal, and is not available in any form.   As the judgment is good only against Calhoun, who confessed it, the voluntary payment of it by McDowell, was nothing more than the payment of Calhoun's debt to Craig & Son. Surely Calhoun cannot set up the payment of his own debt to Craig & Son, as a reason why he should not pay what he owes to Logan.

We have shown that Calhoun has no defence in any form.   But were it otherwise, the attachment was only pleadable in abatement or in bar, as the circumstances required.   If the plea was not sustained by the alderman, the remedy was an appeal.   Having abandoned that, the judgment of the alderman became conclusive on all defences which might have been urged before its rendition. By declining to enter his appeal he lost his day in court, and with it the right to examine the facts of his case on a writ of error.   We have shown that the payment of Calhoun's debt to Craig & Son, after the judgment in this case was given by the alderman, constituted no defence.   But were it otherwise, the evidence of that payment is not judicially before us.   The evidence laid before the Common Pleas on the hearing of a motion or a rule to show cause is not part of the record; nor does the statute giving bills of exceptions, apply to such a case.   We are therefore without any legitimate means of examining into the propriety of the judgment of the court below.   From what we see, however, there is nothing to rebut the presumption that justice has been done to the parties. There is nothing on the record to impugn the decision, and it is therefore affirmed.

Judgment affirmed.