Brownlee *v.* Switzer, Guardian.

---

## BROWNLEE *v.* SWITZER, GUARDIAN.

INSANE PERSON.—*Guardian.*—*Attorney's Fees.*—Under the fifth section of the act of May 29th, 1852, 2 G. & H. 573, relating to insane persons and the appointment of guardians, etc., the guardian of an insane person may be required to pay an attorney, employed by the children of such insane person to prosecute the proceeding in which such person was adjudged insane and said guardian was appointed, for services rendered under such employment.

From the Grant Circuit Court.

*J. Brownlee,* for appellant.

*A. Steele* and *R. T. St.John,* for appellee.

BUSKIRK, C. J.—This was an action by appellant against the appellee, as guardian of an insane person, for services rendered in the proceedings which resulted in such person being adjudged insane and in the appointment of a guardian to man-

age her estate.  The appellant was employed by the children of such insane person to prosecute such proceeding.  After a long investigation, such person was adjudged incapable of managing her property, and the appellee was appointed her guardian. It appears of record that such person has an estate of six or seven thousand dollars.  The services of the appellant and their value are admitted, and the sole question made by counsel for appellee is, whether the estate of such person is liable to pay the appellant for his services.

The proceedings were had under the act of May 29th, 1852, 2 G. & H. 573, relating to insane persons and the appointment of guardians for such persons, etc.  The fifth section of said act reads:

"Whenever a guardian shall be appointed for any person of unsound mind, he shall pay the expenses of such trial, but if the jury find that such person is not of unsound mind, then the court shall give judgment against the person making the complaint for the costs."

We think that the above section not only authorized, but required, the payment of the appellant, for the reasonable value of his services, out of the estate of the person for whom the guardian was appointed.  It is expressly provided, that "whenever a guardian shall be appointed for any person of unsound mind, he shall pay the expenses of such trial." The word "expenses" embraces costs of officers and fees of witnesses and jurors, and reasonable attorneys' fees; for it is obvious that an inquisition of insanity could not be correctly and legally instituted and carried through without the services of an attorney, and as the object of the inquisition is to protect the property of insane persons, the legislature has wisely provided that the expenses of such trial shall be paid by the guardian, when one is appointed.  On the other hand, it is provided that if the jury find that such person is not of unsound mind, then the court shall give judgment against the person making the complaint, for the costs. The first branch of the section encourages persons to institute such proceedings where there are reasonable grounds therefor, while the last clause discourages the

institution of such proceedings without probable cause. In the last case, the penalty imposed is the payment of the costs.

We think the words "expenses" and "costs" were advisedly used, and were intended to convey different meanings. Unless a guardian is appointed, the court would have no jurisdiction over the estate of such person, and could make no order in reference thereto. If, however, the finding was the other way, the legislature had the right to authorize the court to adjudge the costs against the person making the complaint, but prudently left such person to settle with his attorney.

The judgment is reversed, with costs; and the cause is remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings, in accordance with this opinion.