## Shaffer *versus* List, Committee of Shaffer.

1. A committee of a lunatic cannot maintain an action of ejectment against the wife of the lunatic, to eject her and his children from the home provided for them by him while sane.

2. If in the judgment of a committee of a lunatic the interest of the lunatic and his family will best be promoted by leasing the whole or a part of the homestead, in possession of the wife and his family, and providing for them elsewhere, he should represent the facts to the court and ask its instructions.

3. The court having jurisdiction of the lunatic and his estate, is invested with full chancery power in the premises, by virtue of which its orders and decrees may be enforced by appropriate process, and thus the committee, acting under its instructions, may be aided and amply protected in the proper discharge of his duties.

October 26th, 1886.    Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.    MERCUR, C. J., and PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county :* Of October Term 1886, No. 46.

This was an action of ejectment brought by Peter List, committee of the person and estate of Nicholas Shaffer, a lunatic, against Christina Shaffer, the wife of the lunatic, to recover possession of the homestead occupied by her and his minor children as they had done while he was sane. Plea, not guilty.

It appears from the paper books of both the plaintiff and of the defendant, that there was no evidence offered in the case. The facts were stated orally to the court, and there being no dispute they were taken as evidence. The case was thus tried before COLLIER, J. The defendant presented, *inter alia,* the following point:—

1. If the jury believe from the evidence that the defendant is the wife of said Nicholas Shaffer, the lunatic, and was at the time this action was brought, she is under the disability incident to coverture, and in this action she cannot be sued alone, is not a legal defendant by herself, and the verdict should be for the defendant.

Refused, and bill sealed for the defendant.

[Shaffer v. List, Com. of Shaffer.]

The following is the general charge:—

This case has been before his Honor, President Judge STOWE, Judge BAILEY and myself, and after an argument of it by counsel the majority of the court came to the conclusion that the title to this property is in the committee. That being the opinion of the majority of the court, and it being a question of law, we will take your verdict for the plaintiff.

Verdict for the plaintiff for the land described in the writ, and judgment thereon, whereupon the defendant took this writ and assigned for error, *inter alia*, the answers of the court to the defendant's first point and the general charge.

*S. A. Will* for plaintiff in error.—The defendant below, neither under the common or statute law, is a *feme sole* trader, nor has she any of the rights or capacities as such by reason of the insanity of her husband. Her marital rights or disabilities are not affected. She is not a legal defendant alone, in the present case, and coverture will avail and protect her as much under her plea as though her husband was sane. Even in case of a tort by a married woman, her husband must be joined in an action against her: Keen *v.* Hartman and Wife, 12 Wright, 497.

As a general rule, the insanity of the husband does not affect the personal status of the wife : Stewart on Husband and Wife, sec. 335, p. 510.

Ejectment cannot be maintained, because the defendant is under the disability of coverture—that is, not within the spirit of the law ; that the family of the lunatic should be ejected from, nor permitted to occupy, the family homestead, and that the husband, if sane, could not maintain this action against his wife, and his committee cannot. That the attempt so to do is contrary to all equity, justice or humanity, and without warrant and authority in law. This proceeding is unlike any action a sane man would institute against his family—it is antagonistic to reason and justice.

*Winfield S. Nesbit* for defendant in error.—The Supreme Court and the several Courts of Common Pleas have the powers of a Court of Chancery so far as relates to the care of the persons and estates of persons *non compotes mentis :* Art. 5, sec. 6, Constitution of Penna. of 1790 and of 1838, and art. 5, sec. 21 of Constitution of 1874. Also statutory authority over the same : Act of June 13th, 1836.

The property of the lunatic is *in custodia legis ;* the committee is the mere bailiff of the court, and responsible to it for his conduct: In re Estate of Samuel Eckstein, a lunatic: 1 Parson's Select Eq. Cases, 59.

[Shaffer *v.* List, Com. of Shaffer.]

. Peter List, the committee of the person and estate of Nicholas Shaffer, has, by law, the management of his real estate, and is entitled to the possession thereof, and to rent and collect the rent for the same, and will have to account for the proper execution of his trust. As committee he can maintain ejectment for the lunatic's lands: Warden *v.* Eichbaum, 14 Pa. St., 121.

It is true the rule is, " A wife cannot during coverture be sued alone." This rule, however, has its exceptions, as where the husband is civilly dead or legally presumed to be dead. We hold that a lunatic is civilly dead or may legally be presumed to be dead for certain purposes; he is under a greater disability than coverture, for his reason is dethroned; he can neither sue nor be sued, and all process must be served upon his committee.

Mr. Justice STERRETT delivered the opinion of the court, November 8th, 1886.

In plaintiff in error's history of the case, as well as in defendant's counter statement of facts, it is asserted that no testimony was offered in the court below by either party, and hence we are not furnished with any evidence. This is a rather novel method of trying an action of ejectment; and if it were not that the learned counsel agree as to a few controlling facts which appear to have been admitted and acted upon by the court below, as evidence, we would feel constrained to remand the case for trial in a more orderly way.

This action was brought by Peter List, committee of the person and estate of Nicholas Shaffer, a lunatic, against Christina Shaffer wife of the lunatic, to recover possession of a·house and lot of which her husband is seized in fee, and the only property he owns. From 1868 until after he became insane, the lunatic and his wife occupied the house in question as their home, and she and their three minor children have continued to reside therein ever since, and, occasionally the lunatic himself visits them there. The single question is, whether the action of ejectment to dispossess the lunatic's wife and children can be maintained by his committee. The learned court below, holding that it could, refused defendant's points and directed a verdict in favor of plaintiff. This action of the court is the subject of complaint in the respective specifications of error.

" The care of the persons and estates of those who are *non compos mentis*," is one of the special subjects in relation to which the several courts of Common Pleas are expressly invested with the jurisdiction and powers of a court of chancery : Purd., 689. After a person has been duly found a lunatic the

court, in the exercise of that jurisdiction, usually appoints a committee of his person and estate. To a certain extent the duties of the committee are defined by the statute which provides *inter alia*, that he "shall have the management of the real and personal estate of such person, and shall from time to time apply so much of the income thereof as shall be necessary to the payment of his just debts and engagements, and the support and maintenance of such person and his family, and for the education of his minor children :" Purd. 1128, pl., 25. By the Act of March 22d, 1865, Id., 1129, pl. 32, he is given the same power that guardians have in proceedings in partition and valuation in real estate ; and by the Act of February 20th, 1867, Id. pl., 33, he is authorized to institute an action of partition. If more than the income of the lunatic's estate be required for the purposes above stated, the personal estate, under the direction of the court, may be applied thereto ; and if that be exhausted, so much of his real estate as may be necessary, may be mortgaged or sold under the order of court. The lunatic is in effect the ward of the court, and his estate is in *custodia legis*. So far as his estate will justify it, he and his family should be provided for as he himself would provide for them if he were sane : Hambleton's Appeal, 102 Pa. St., 50. It was there held that where the estate of the lunatic is sufficient to maintain him and his household in the manner he had chosen for himself before his lunacy, and such maintenance is best adapted for his comfort after lunacy, the court should authorize the committee to expend a sufficient amount of the lunatic's estate for that purpose. The committee is the mere bailiff or servant of the court, and as such is subject to its direction in everything that pertains to the management of the lunatic's estate, and the maintenance of him and his family. He may undoubtedly maintain ejectment against a stranger to secure possession of the lunatic's real estate ; but, we are not aware that ejectment, against the lunatic's wife, for the purpose of ejecting her and his children from the home he provided for them, has ever been sanctioned, nor do we think it necessary especially where, as in this case, she is in possession under her husband, not pretending even to hold adversely to his title. The present suit, by the committee as the representative of the lunatic, against the wife of the latter, is practically an action at law by husband against wife. Ejectment against the lunatic himself would scarcely be more anomalous and uncalled for. As we have seen, the court having jurisdiction of the lunatic and his estate, is invested with full chancery power in the premises, by virtue of which its orders and decrees may be enforced by appropriate process, and thus the committee, acting under its instruction,

may be aided and amply protected in the proper discharge of his duties. If, in the judgment of the committee, the interest of the lunatic and his family would be best promoted by leasing a part of the homestead, or the whole of it, and providing for them elsewhere, he can represent the facts to the court and ask its instruction. If assistance becomes necessary to enforce the orders and decrees of the court, he may invoke its aid in like manner as a receiver in other equity proceedings. · Ejectment will not lie in such cases as this.

Judgment reversed.