# Estate of George A. W. Tarr, an habitual drunkard. Appeal of Nancy Tarr, Committee.

*Habitual drunkard—Support—Ward of the court.*

An habitual drunkard like a lunatic is a ward of the court, and his estate is in custodia legis.   So far as his estate will justify it he and his family should be provided for as he himself would provide for them if he were sane.

*Habitual drunkard's estate—Counsel fee and costs—Investigation of conduct of committee.*

The right to charge a fund with costs and expenses depends on whether the litigation, in which the costs and expenses were incurred, results in promotion of the interests of those eventually found to be entitled to the fund.

The court has power to award a counsel fee, to be paid out of the estate for services rendered by counsel in proceedings instituted by daughters of the habitual drunkard which resulted in the discharge of the committee of the person, a correction of the accounts of the committee of the estate, and the betterment of the security of the estate.

Argued May 16, 1899.   Appeal, No. 48, April T., 1899, by Nancy Tarr, from order of C. P. Crawford Co., Aug. T., 1875, No. 112, directing payment of counsel fee.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by ORLADY, J.

Petition of Nancy Tarr, committee, for revocation of order directing payment of counsel fee.   Before THOMAS, P. J.

It appears from the record that in the matter of the estate of George A. W. Tarr, an habitual drunkard, proceedings had

been instituted by the daughters of the habitual drunkard which resulted in the removal of Nancy Tarr as committee of the person, in the settlement of the account and the betterment of the security of the estate. Subsequently Byles & Mackey, who had been employed by the daughters in the above mentioned proceeding, presented an account for their services, and upon motion after due consideration it was ordered, adjudged and decreed that the amount due them, $650, be paid to Byles & Mackey by Nancy Tarr, committee of the estate of George A. W. Tarr, out of the estate of the said George A. W. Tarr. The committee thereupon filed a petition for revocation of the order which petition was discharged, whereupon Nancy Tarr appealed.

*Error assigned* was in not making absolute rule to show cause why the order directing payment to Byles & Mackey of the sum of $650 by Nancy Tarr, committee of the estate of George A. W. Tarr, should not be revoked and vacated.

*Samuel Grumbine*, for appellant.—In the case at bar the court below assumed to determine a legal, and not an equitable, right. This it cannot do. The distinction is pointed out in a number of cases: Norris's Appeal, 64 Pa. 275; Tillmes v. Marsh, 67 Pa. 507; Haines's Appeal, 73 Pa. 169; Washburn's Appeal, 105 Pa. 480.

Counsel fees are not recoverable in Pennsylvania unless authorized by statute, or when they are expressly stipulated for: Good v. Mylin, 8 Pa. 51; Alexander v. Herr, 11 Pa. 537; Terry v. Darbenstadt, 68 Pa. 400; Stopp v. Smith, 71 Pa. 285; DeCoursey v. Johnston, 134 Pa. 328; Com. v. Meyer, 170 Pa. 380.

A lawyer, in the absence of any statutory provision made for him, must look to his client for his compensation: Pereyra's Appeal, 126 Pa. 220; Biles's Appeal, 119 Pa. 105.

These " results " of the proceedings against the committee the court does not refer to, but he rests his conclusion principally upon the fact that Mrs. Tarr was removed as committee of the person, and Mr. Tarr was placed in charge of another. This result was brought about principally by what might be called the dinner pail argument, so graphically and pathetically set forth in the petitions for removal and in the affidavit of Mr. Byles.

True, the court refers to other matters as having been accomplished, " the management of the estate was approved by the court and the committee retained in charge thereof. A new bond was given and the estate thereby better secured, and after much trouble and delay the account was adjusted and chiefly approved." As a matter of fact the account was wholly approved, every exception was dismissed, every item of charge and credit was sustained, the committee was not surcharged with a cent, and nothing was " adjusted."

*George F. Davenport*, for appellees.—No question was raised in the court below that the amount charged by appellees is not reasonable or that the services charged for were not performed. The whole defense is made upon the ground that the court had no authority to make the order complained of. A number of authorities are cited to the effect that counsel fees are not recoverable in Pennsylvania unless authorized by statute or expressly stipulated for. In all the authorities cited in support of this rule the proceedings were strictly adversary and were actions at law and not in equity, in which the jury were not allowed to include in their verdict for the amount of damages sustained by the plaintiff, the costs of his counsel in prosecuting his suit.

The authority of the lower court to grant the order complained of, is fully warranted by the case of Wier v. Myers, 34 Pa. 377, where an action of assumpsit had been brought against a committee to recover for professional services rendered by an attorney in conducting proceedings in lunacy. A case stated was agreed upon and the lower court gave judgment for the plaintiff. Any person has a right to appear in court in behalf of one not sui juris and both petition the court for the removal of its trustee and officer and to except to the accounts and disbursements and conduct of that trustee. And when that person so appears, he appears amicus curiæ.

In In re Green's Estate, 3 Brewster, 427, the court held that where the cestui que trust is not sui juris any relative or friend may intervene as amicus curiæ.

OPINION BY ORLADY, J., July 28, 1899:

It is neither important nor interesting to go over in detail all of the facts involved in this unfortunate family quarrel, as the

only question for our decision is the one raised by the second assignment of error. When, in August, 1875, George A. W. Tarr was duly adjudged an habitual drunkard he became a ward of the court, and its power and control over his person and the estate to which he was then entitled has continued without diminution.

The Act of June 13, 1836, P. L. 589, and its supplements establish a mode of procedure by which a committee can be appointed for a lunatic or an habitual drunkard, and by which, after confirmation of the inquisition, the person so found is incompetent to make any contract to bind his estate: Imhoff v. Witmer's Admrs., 31 Pa. 243. The care of the person and the management of the estate are transferred to a committee appointed by the court and over which the court has full power to control, to remove, to dismiss, and to discharge for misconduct. At common law, the king was the guardian and protector of idiots and of persons of unsound mind. By the constitution of this state that power is conferred by the people on the Supreme Court and the courts of common pleas: Black's Case, 18 Pa. 434, Clark's Case, 22 Pa. 466; Wier v. Myers, 34 Pa. 377. Under our statutes an habitual drunkard is classed with a lunatic, and all such are special subjects in relation to whom the courts of common pleas are expressly invested with the jurisdiction and powers of a court of chancery. In effect the lunatic is the ward of the court, and his estate is in custodia legis. So far as his estate will justify it he and his family should be provided for as he himself would provide for them if he were sane: Hambleton's Appeal, 102 Pa. 50. The committee is the mere bailiff or servant of the court, and as such is subject to its direction in everything that pertains to the management of the lunatic's estate and the maintenance of him and his family: Shaffer v. List, 114 Pa. 486. The object of the appointment of the committee is to preserve the estate from waste and mismanagement, and to protect the person in his hapless condition as one incapable of properly caring for himself. The wife and children are interested in the conservation of the estate, and in view of which interest, this committee was subject to a reasonable surveillance by the daughters. George A. W. Tarr could, through the intervention of these daughters, look only to the court for relief from real or supposed grievances. By reason of their filial regard

and duty towards their father and their personal contingent interest in the estate, they were enlisted in his behalf. The auditor and court determined on ample evidence that the committee acted improperly and the care of his person was withdrawn from her authority. The conduct of the committee made the investigation necessary, and every attack against her conduct she resisted through professional services which have been paid for out of the funds of the estate. The services for which the claim in dispute was allowed were rendered under the eye of the court in a proceeding which it might have instituted of its own motion, which services have produced a decided betterment in the condition of the ward, and have given additional security for the estate to all parties interested. Under the accounts filed by the committee, the funds of the estate have been continuously in the court, which had unquestionable jurisdiction of the parties and over the subject-matter in controversy. The estate is free from debt and aggregates in value over $90,000. The claim is admitted to be reasonable in amount.

It is well settled that counsel fees are not recoverable in Pennsylvania as " costs of the cause." Without an act of assembly empowering it, the courts cannot create a fee bill, and it would be an assumption of legislative functions to allow, as between party and party, charges to which no statute has ever given the character of costs : Winton's Appeal, 87 Pa. 77. Counsel fees are only allowable to the opposite party when expressly stipulated for : DeCoursey v. Johnston, 134 Pa. 328 ; Pereyra's Appeal, 126 Pa. 220 ; Com. v. Meyers, 170 Pa. 380. This is all conceded, but this proceeding is outside of the line of ordinary litigation. In Roger's Appeal, 119 Pa. 178, it was held that the court had no power, upon petition and rule granted, to order that a committee of an habitual drunkard should pay a disputed bill for professional services not rendered in the course of the proceedings de lunatico inquirendo; the reason for this being that it is the undoubted right, not only of the creditor but of the lunatic debtor, to have the validity of the claim and its amount ascertained through his committee by due course of law ; also that a suit brought with notice to the committee and prosecuted to judgment, bona fide, would be conclusive as to the amount and merits of the plaintiff's demand. In the case before us the proceedings de lunatico inquirendo

were fully concluded, and the ward and his estate were within the care and protection of the court. The committee has been acting antagonistic to the ward, and the contention of the ward through his daughters is fully sustained by the auditor and court. The facts are undisputed, and whether the estate is liable, or not, for this claim is solely a question of law. The same defense would be interposed if resort had been had to an action at law. The claim could have been properly submitted, as a necessary expense, to the auditor who passed on the committee's accounts, but the court has chosen to hear and determine the case without such a reference. The parties have been fully heard, and the conclusion reached in the court below is a just and equitable one. The right to charge a fund with costs and expenses depends on whether the litigation in which the costs and expenses were incurred was in promotion of the interests of those eventually found to be entitled to the fund : Br. Eq. Jur. 555 ; Schwartz v. Oil Co., 164 Pa. 415. The irregularity in the proceeding is not sufficient to warrant the reversal of the judgment and continuing the controversy.

The decree of the court is affirmed, the costs to be paid by the estate of George A. W. Tarr.