# McCracken's Case.

*Lunacy — Lunacy proceedings — Costs — Probable cause — Acts of June 13, 1836, P. L. 589, and April 16, 1849, P. L. 663.*

1.  The Act of April 16, 1849, P. L. 663, imposed on the court of common pleas the duty of deciding and directing who shall pay all costs attendant upon the issuing and execution of any commission in lunacy or to apportion the costs and the payment of them among the parties interested in such proportions as the justice of the case may require and to order and decree payment accordingly.   In exercising this power it is not important that the records show that there was probable cause for the proceeding.

2.  Section 9 of the Act of June 13, 1836, P. L. 589, 595, relating to the imposition of costs upon the person who institutes a lunacy proceeding applies only where there has not only been a finding that the subject of inquiry was not a lunatic but where the judge or commissioner holding the inquisition certifies that the proceeding was instituted without probable cause.   In the absence of such certificate the presumption is that the proceeding was begun in good faith and in the interest of the alleged lunatic.

3.  If an inquisition has been found before the death of a person alleged to be a lunatic the jurisdiction of the court of common pleas attaches, and it may make such orders as are necessary or expedient in the disposition of the case as in the matter of fixing the compensation of the commissioner and decreeing the payment of costs, and the costs may be imposed on the estate before the final determination of the proceeding.

4.  Counsel fees are properly allowable to a person who in good faith institutes proceedings in lunacy.

5.  An appeal from an order fixing the compensation for a commis-

sioner in lunacy and decreeing the payment of costs in lunacy proceedings will not be reversed where the testimony is not printed and the appellate court is without means of determining the reasonableness of the charges.

6. The sixth section of the Act of April 20, 1869, P. L. 78, which provides a method of committing a lunatic on the certificate of a commission of three persons and which in its supplement of May 8, 1889, P. L. 127, fixes the fee of the commissioners to be appointed under the act at $5.00 per day each, does not apply to inquisitions in lunacy.

Argued Oct. 11, 1910. Appeal, No. 53, Oct. T., 1910, by Mary A. McCracken et al., from order of C. P. No. 3, Phila. Co., Sept. T., 1908, No. 2,605, in the matter of David McCracken, an alleged lunatic. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Inquisition in lunacy.

FERGUSON, J., filed the following opinion:

In this case the inquisition was filed March 4, 1909, in which there was a finding that from March, 1908, until November, 1908, David McCracken was a lunatic; that during that time he had lucid intervals, and that at the time of the filing of the inquisition he had fully recovered his mental health and was not a lunatic. On March 26, 1909, a petition was filed by Emma Putman, one of the petitioners for the commission de lunatico inquirendo, in which she prayed that a rule be granted on the said David McCracken to show cause why he should not pay the costs of the proceeding. A schedule of the costs was attached to the petition, showing a total bill of $759.75. A rule was granted. The rule was heard April 8, 1909, at which time the said David McCracken filed his answer, in which he denied that the proceedings were instituted in good faith and that there was probable cause for the proceeding. He further alleged that the proceeding was instituted through spite and malice and for the purpose of annoying and worrying him; that the first portion of the finding of the jury was absurd and not warranted by the

testimony, and that the bill of costs was unreasonable and unjust and should not be approved.

Through stress of business the court was unable to give the matter immediate attention. No decision was made upon the question until May 28, 1909, when an order was made discharging the rule without prejudice. This action was based upon the opinion then entertained by the court that no order should be made imposing the costs upon David McCracken in the absence of a certificate from the commissioner that the proceeding was instituted with probable cause. The court has been informed that in the meantime David McCracken died on April 24, 1909.

We are of opinion that the proceeding against David McCracken ended with his death. The inquisition, however, had been returned in his lifetime, and, as we interpret the law, this court has power over questions of costs in proceedings which had been completed during his lifetime. The delay in the action upon the rule being the act of the court, the fact that David McCracken died in the meantime did not in any way affect our power in this regard. The certificate of the commissioner was a mere matter of detail, which could be supplied for the information of the court at any time after the inquisition was made. In point of fact, such certificate was filed on June 4, 1909, and this day the bill of costs was certified by the commissioner and filed.

It is therefore ordered that the certificate of the commissioner as to probable cause be considered as filed nunc pro tunc as of March 26, 1909; that the bill of costs filed this day be filed nunc pro tunc as of March 26, 1909; that any persons in interest have leave to file exceptions to said bill of costs within ten days of this date; that the rule to show cause why David McCracken should not pay the costs is reinstated and the same is continued until such time as the said bill of costs shall be settled and approved by the court.

Exceptions were filed by Mary A. McCracken et al. to the bill of costs. These exceptions were sustained in part

in an opinion by FERGUSON, J., and the following schedule of costs was entered.

| | |
|---|---:|
| James W. King, Esq., Commissioner, fee | $250.00 |
| " " " " " costs paid Sheriff | 5.00 |
| Martin L. Finkle, juror, 15 meetings at $1 each | 15.00 |
| James Quiggs " " " " " " | 15.00 |
| E. Q. Anstice " " " " " " | 15.00 |
| C. K. Shelmerdine " " " " " " | 15.00 |
| F. M. Kirk " 16 " " " " | 16.00 |
| Howard B. Lewis " 11 " " " " | 11.00 |
| F. J. Shoyer, Esq., counsel fee | 100.00 |
| " " " " costs | 1.25 |
| John McDowell, two days at $1.50, witness for relator | 3.00 |
| Peter Breslin, one day, witness for relator | 1.50 |
| Dr. T. H. Weisenberg, one day at $1.50 | 1.50 |
| | $449.25 |

*Error assigned* was the action of the court on the exceptions.

*Chas. S. Wood,* for appellants.—The attorney's fee is not a proper and lawful charge in the bill of costs: Clark's Case, 22 Pa. 466; Com. v. O'Shea, 48 Pitts. L. J. 348; Englert's Est., 49 Pitts. L. J. 16; Beale v. Com., 7 Watts, 183; Moore v. Porter, 13 S. & R. 100; Pereyra's App., 126 Pa. 220; Bile's App., 119 Pa. 105; St. Joseph's Orphan Asylum's App., 38 Pa. 535; In re Buecker, 18 W. N. C. 70; In re Burns, 6 Pa. C. C. Rep. 159; Schwartz v. Oil Co., 164 Pa. 415; Winton's App., 87 Pa. 77; Goodman's Est., 23 W. N. C. 235; DeCoursey v. Johnston, 134 Pa. 328; Com. v. Meyer, 170 Pa. 380.

The finding of the inquisition in this cause to the effect that the respondent was sane took away from the court of common pleas any possible control over his estate, and his death on April 24, 1909, gave to the orphans' court exclusive jurisdiction over it: Freeman's App., 22 W. N. C. 173; Clark's Case, 22 Pa. 466; Hassenplug's App., 106 Pa. 527.

*Frederick J. Shoyer,* for appellees.—Under the act of 1849 the common pleas has the power of a court of equity to place the entire costs down to final judgment on either party, and this is whether the final determination is in favor of lunacy or not: Clark's Case, 22 Pa. 466.

The authority of the court to grant a reasonable counsel fee is fully warranted by the case of Wier v. Myers, 34 Pa. 377; Tarr's Est., 10 Pa. Superior Ct. 554; Heft's Case, 22 Pa. C. C. Rep. 534; Hogg's Case, 5 Pa. Dist. Rep. 561; Buecker's Case, 18 W. N. C. 70; Brownlee v. Switzer, 49 Ind. 221; Burn's Case, 6 Pa. C. C. Rep. 159; Green's Est., 3 Brewst. 427.

The death of the alleged lunatic before the confirmation of the inquisition does not oust the jurisdiction over the question of costs: In re Lofthouse, 3 N. Y. App. Div. 139 (38 N. Y. Supp. 39); Russell's Lunacy, 1 C. P. Rep. 34.

OPINION BY HENDERSON, J., March 3, 1911:

The courts of common pleas of this commonwealth exercised the power of the court of chancery in disposing of the costs of a commission of lunacy prior to the Act of April 16, 1849, P. L. 663. That act imposes on the court of common pleas the duty to decide and direct who shall pay all costs attendant upon the issuing and execution of any commission in lunacy or to apportion the costs and the payment of them among the parties interested in such proportions as the justice of the case may require and to order and decree payment accordingly. This power was exercised by the court below in imposing the costs on the relator: Com. v. Reeves, 140 Pa. 258. In so doing it was not important that the record show that there was probable cause for the proceeding. The ninth section of the Act of June 13, 1836, P. L. 589, provides that if in an inquisition of lunacy it shall be found that the party with respect to whom the application is made is not a lunatic and it shall appear to the judge or commissioner holding such inquisition that there was not probable cause for such application he shall certify the same on such inquisi-

tion; and thereupon the party by whom such application was made shall be liable for the costs of the proceeding, in like manner as prosecutors in criminal cases when directed by the jury to pay costs of prosecution. This section includes as well a proceeding conducted by a commissioner appointed by the court. It will be observed that the section only applies where there has not only been a finding that the subject of inquiry was not a lunatic but where the judge or commissioner holding the inquisition certifies that the proceeding was instituted without probable cause. In the absence of such certificate the presumption is that the proceeding was begun in good faith and in the interest of the alleged lunatic: Clark's Case, 22 Pa. 466. It is unnecessary, therefore, to consider the question raised by the appellant's counsel and discussed at length whether the certificate of probable cause filed by the commissioner nunc pro tunc with leave of court was properly admitted on the record or not. As there was no finding of want of probable cause the certificate of the existence of probable cause was unnecessary under the act of 1849. The decree was entered therefore in the performance of a duty and the exercise of a discretion committed to the court by law. It is said, however, that this authority could not be exercised because the person against whom the proceeding was had was dead before the decree was entered. It may be taken for granted that after the death of the alleged lunatic the court of common pleas could have no control over his person and could make no decree enforceable against his estate without an inquisition found. The orphans' court would be the forum in which his estate must be administrated and his liabilities determined. But if an inquisition has been found before the death of the person alleged to be a lunatic the jurisdiction of the court of common pleas attaches, and it may make such orders as are necessary or expedient in the disposal of the case, as in the matter of fixing the compensation of the commissioner and decreeing the payment of costs. And the costs may be imposed on the estate before the final determination of the proceeding:

Ebling's Estate, 134 Pa. 227. The decree was made on a rule entered in the lifetime of David McCracken to which he filed an answer. This rule was discharged but reinstated in an order made August 2, 1909, so that the determination was on an issue joined in the lifetime of McCracken. It is contended by the appellant that there is no authority for the allowance of counsel fees to the attorney who represents the proponent in such a proceeding but the weight of authority is the other way. It was held in Wier v. Myers, 34 Pa. 377, that the counsel fees were properly chargeable. This case it is true was reversed on another point but the opinion of the court below was approved by the Supreme Court in all other respects. Such was also the conclusion in Tarr's Estate, 10 Pa. Superior Ct. 554. The right to charge a fund with costs and expenses depends on whether the litigation in which they were incurred was in promotion of the interests of those found to be eventually entitled to the fund: Schwartz v. Oil Co., 164 Pa. 415; Bright. Eq. Jur. 555. Counsel fees are not allowable as costs in actions at law, but may be imposed in the administration of trusts or of the estates concerning which the court is inquiring where the proceeding is instituted in aid of the estate. We are not dealing with a contest between individuals but with a proceeding presumably initiated in good faith in the interest of the persons supposed to be non compos mentis.

The only question for consideration then is as to the propriety of the action of the court and we have nothing before us from which it can be satisfactorily concluded that the discretion exercised was not judicious. The testimony is not printed and we are therefore without evidence informing us of the extent of the services of the commissioner and counsel as a basis for revising the action of the court. The sixth section of the Act of April 20, 1869, P. L. 78, which provides a method of committing a lunatic on the certificate of a commission of three persons and which in its supplement of May 8, 1889, P. L. 127, fixes the fee of the commissioners to be appointed under that act at $5.00

per day each does not apply to inquisitions in lunacy. It provided a summary method to restrain an insane person where the welfare of such person or others required his confinement. But a very different proceeding is there prescribed and for a different purpose from that involved in this case and the court was not limited to the compensation therein fixed. As we are without the necessary information to show that the court failed to exercise a wise discretion in the determination of the case the decree must be affirmed.

Decree affirmed.