## Komarnicki's Case.

*Husband and wife—Support of wife and children—Alien lunatic—Family in foreign country—Claim of Commonwealth for maintenance of lunatic in State asylum—Courts—Jurisdiction of Common Pleas—Act of June 13, 1836.*

1. Where an alien with a dependent family in a foreign country has been declared a lunatic, and has been placed in a State asylum for the insane, and it appears that he has an estate in cash in the hands of his committee, the Court of Common Pleas has jurisdiction to entertain a rule to show cause why a portion of the estate should not be awarded to his wife and children.

2. The Quarter Sessions alone has jurisdiction to compel support by those legally entitled to it, but under the Act of June 13, 1836, § 20, P. L. 591, the Common Pleas has complete jurisdiction over a lunatic's estate and the support and maintenance of himself and his family.

3. Although a lunatic's estate is not sufficient to pay the whole claim of the Commonwealth for his maintenance in a State asylum, the Court of Common Pleas will award a portion of it for the support of his family, and this is the case although the lunatic is an alien and his family resides in a foreign country. The remainder of the estate will be awarded to the Commonwealth.

Rule to show cause why $250 of the estate of the lunatic should not be paid to his wife and children for maintenance. Rule to show cause why the funds of the estate of the lunatic should not be paid to the Commonwealth as reimbursement for maintenance in hospital. C. P. Columbia Co., Dec. T., 1922, No. 1.

*Edward J. Flynn,* for rule for maintenance of family.

*Edward Sayre Gearhart,* for rule on part of the Commonwealth.

POTTER, P. J., 17th judicial district, specially presiding, March 22, 1923.— From the files in this case we gather the following:

Komarnicki's Case.

That by a written agreement filed with the papers of this case, both the above counsel agreed to submit the case to the President Judge of the 17th judicial district on briefs and the pleadings without formal arguments.

That the said lunatic some years ago emigrated from Poland to the United States; that on May 14, 1918, he was committed to the Hospital for the Insane at Danville, Pennsylvania, where he has been an inmate since that date up to the present time; that he is not a naturalized citizen of the United States and has taken no steps whatever toward that end; that his wife and four minor children are still in Poland; that up to the time of his commitment to the said hospital he, at least partly, supported them, but he has given them no support since; that Michael J. McDonnell is his committee, who has in his hands the sum of $653.67, from which sum must be deducted the costs of the inquisition proceedings of $94, thus leaving a new balance of the sum of $559.67 as the estate of the said lunatic; that there was no real estate; that affidavits have been presented stating that the wife and children are in needy circumstances and need financial support; that the amount due the State for the support of the lunatic in the said hospital is $630.90; and that the committee has taken out the rule asking for support for the wife and children.

It will thus be seen that two rules have been taken out in this case, on opposite sides, the one by the Commonwealth on the committee to show cause why he should not pay to the Commonwealth the sum of $630.90 expended by the State in the maintenance of the lunatic, and the other by the committee on the Commonwealth to show cause why the sum of $250 should not be paid towards the support of the wife and four children of the lunatic in Poland.

This last rule was addressed to the Court of Common Pleas, as in fact were both of them, and was allowed by that court. It is now claimed by counsel for the Commonwealth that the proceedings incident to this rule are in the wrong court, that the Court of Quarter Sessions has jurisdiction. We feel confident that the Common Pleas has full jurisdiction of the proceedings incident to this rule.

The Quarter Sessions alone has jurisdiction to *compel* support by those legally liable for it, but lunacy proceedings are creatures of the Common Pleas under and by virtue of the Act of June 13, 1836, P. L. 589, 596, section 20 of which commits to the committee of the lunatic the complete management of the estate, the payment of debts, the support and maintenance of him *and his family* and the education of his minor children. Section 21 of the same act provides for the expenditure of the principal of the estate for the purposes mentioned in section 20, if the income is not sufficient.

Under the Constitution and laws of Pennsylvania, the Court of Common Pleas has chancery powers in regard to the persons and estates of lunatics, and, through the committee, exercises the powers of a chancellor in the custody and management of the lunatic's estate, and in applying it to his support and *that of his family*, to the education of his minor children and to the payment of his debts: Black's Case, 18 Pa. 434; Clark's Case, 22 Pa. 466; Yaple *v.* Titus, 41 Pa. 195; Tarr's Estate, 10 Pa. Superior Ct. 554; section 22 of article v of the Constitution of Pennsylvania.

In this case application was made by the committee of the lunatic to the Court of Common Pleas for leave to expend the sum of $250 *towards the maintenance of his family*. This is clearly within the jurisdiction of the Common Pleas: Shaffer *v.* List, 114 Pa. 486.

It is set up by counsel for the Commonwealth that, inasmuch as this lunatic is a resident alien and his wife and children are non-resident aliens, they do
3 D. & C.

not come within the privileges and benefits allowed by the laws of this State to citizens of the United States.

We have it asserted, and not denied, that this lunatic is a married man, has a wife and four minor children in full life in Poland, who are, at least partly, dependent on him for support.

It is a well recognized principle of law that the husband is the head of the family, and as such is liable for their support. It needs no further discussion to establish the fact that this lunatic is liable, if of sufficient ability, for the support of his wife and children, and, if he is liable, his estate is also liable.

Under the common law, an alien could not inherit property, and the property of a deceased alien escheated to the Commonwealth: Rubeck v. Gardner, 7 Watts, 455.

Then came the Act of Feb. 23, 1791, 3 Sm. Laws, 4, which enabled every person, being a citizen or subject of any foreign state, to acquire and take, by devise or descent, lands and other real property in this Commonwealth, which statute is in force to-day: Rubeck v. Gardner, 7 Watts, 455, 459.

And under the Act of Feb. 23, 1791, 3 Sm. Laws, 4, an alien husband is entitled by the curtesy to the real estate, or any interest therein, of which his wife died seized: Cooke v. Doron, 215 Pa. 393.

And in Bradley v. Comber et al., 19 Dist. R. 130, it was held that under this same act, upon the death of an alien resident of a sister state, who, though never residing in Pennsylvania, died intestate, seized of land in this State, acquired by descent, his alien blood relatives, residing in foreign countries, acquired said land by descent.

By this act, an alien is placed on a par with citizens of the United States, so far as concerns the acquiring and taking of real estate by either devise or descent, as well as in the holding or disposing of it.

If this lunatic had died, his family, although non-resident aliens, could have inherited his estate, subject, of course, to the payment of his debts; and he being in full life, they have a right to look to him for support. The domestic relations of husband and wife and of father and child require it. While it may be true that many years ago, upon the death of this alien lunatic, his estate would have escheated, regardless of the needy circumstances of his wife and children in Poland, time has mellowed the seeming harshness of the law, so that now, by a spirit of analogy, we think these alien non-resident members of his family should be entitled to support from the estate of their husband and father. If they could inherit from his estate, were he dead, they can surely receive support while he is living.

An order for the maintenance of a relative is in the nature of a judgment and is a debt of record (Henry's Estate, 28 Pa. Superior Ct. 541), and it can be enforced by a fieri facias and an attachment: Com. v. Steiger, 12 Pa. C. C. Reps. 334.

With the representations made of the needy circumstances of this family, we think it no more than fit and proper that we set apart the sum of $250 for their maintenance. No one has a better right to it, and it is so ordered as a judgment of this court.

The 6th section of the Act of June 1, 1915, P. L. 661, 663, provides: "All claims by the Commonwealth for maintenance, as herein provided, in the distribution of any of the estate of any person so maintained, shall take precedence and be paid after other claims which by law are now given precedence, and before any claims of general creditors."

The claim of the Commonwealth for maintenance of this lunatic is to be paid before the claims of general creditors, but after other claims which by

law are given precedence. The sum of $250 which we have hereinbefore awarded to the wife and children of this lunatic, being in the nature of a judgment of the court, takes precedence, and is to be paid first out of the sum in the hands of the committee of the lunatic. Necessary costs and expenses will then be deducted, and the balance is then awarded to the Commonwealth in at least part reimbursement for the sum expended by the Commonwealth for the maintenance of this lunatic in the Hospital for the Insane, at Danville, Pennsylvania.

And now, to wit, March 22, 1923, the rule to show cause why the sum of $250 should not be taken out of the lunatic's estate and paid towards the support of his wife and children in Poland is made absolute, and this sum is directed to be sent to them by the proper and safe means.

The rule to show cause why the Commonwealth should not be reimbursed for the moneys it has expended for the maintenance of the said lunatic in the Hospital for the Insane, at Danville, Pennsylvania, is made absolute, and the committee of the lunatic is directed to pay to the Commonwealth the amount left after taking out the $250 to be paid to his family and the necessary costs and expenses incident to these proceedings.

From Charles P. Ulrich, Selins Grove, Pa.