## Forred et al. v. Forred

*Edwin L. DeLong*, for petitioners.

*Henry M. Koch*, for respondent.

SHANAMAN, J., February 2, 1949.—On petition of eight of his children, a commission was, on April 10, 1948, appointed to inquire into the alleged habitual drunkenness of John F. Forred. The commission reported on May 27, 1948, that he was an habitual drunkard. The Berks County Trust Company was appointed guardian. The bill of costs was approved by the court June 1, 1948. John Forred, Jr., who is one of the children, but not one of those who instituted the proceedings, was permitted to file on November 29, 1948, his exceptions nunc pro tunc to the bill of costs. He attacks specifically an item of $150 counsel fees of Edwin L. DeLong, Esq., for his services in conducting the children's application to a successful issue. A hearing was held and the matter argued. The propriety of

the fee is not denied. The only question, as stated by counsel for the exceptant, is who shall pay it. Exceptant contends that the children who petitioned for the commission of inquiry should personally pay it, and that it should not be allowed as costs against the estate of the ward.

The proceedings were under the Act of Assembly of June 13, 1836, P. L. 589, sec. 2, cl. 1, 50 PS §692, which provides that if any person is alleged to be a lunatic or habitual drunkard, a commission of inquiry may issue. Section 9 of the same act provides that if the commission do not find that the person is a lunatic or habitual drunkard, and that if it should appear that there was no probable cause for the application, the party by whom such application was made shall be liable for the costs: 50 PS §702. That is to say, even if the person is found not to be a lunatic or habitual drunkard, the costs, according to the statute, shall not necessarily be placed on the persons who applied for the commission, if it appears that they had probable cause for the application. When, as in the present case, the commission has found that the person is an habitual drunkard, his estate should pay the costs.

"This is upon the ground that the whole proceeding is for the benefit of the non compos, and justice therefore requires that the costs should be allowed out of his estate": Clark's Case, 22 Pa. 466, 469.

The question whether the fee of the attorney should be included in such chargeable costs was decided in the affirmative in the case of Wier v. Myers, 34 Pa. 377. In that case, the court, at pages 378-9, said:

"It cannot be doubted, that professional skill is required in the conduct of the proceedings. They are for the benefit of the lunatic. Without them, he might become as destitute of the means of subsistence, as he is of mental light. He cannot do it himself. It is an act of humanity and charity for anyone to act as his friend.

550

... Is this disinterested friend to be responsible pecuniarily for this? ... If the fund is not liable, or ought not to be, and professional skill cannot be had without a liability somewhere, and the court cannot act without professional preparation, then deplorable indeed would be the condition of the unfortunate lunatic, and useless would be the theoretical guardianship of a chancellor or court. I cannot therefore, doubt but that the entire costs of the proceedings, including counsel fees, are properly chargeable upon the estate of the lunatic." id. 378-9.

More recently, in Davidson's Estate, 300 Pa. 26, the Supreme Court ordered and confirmed payment of the attorney's fee out of the estate. The exceptions must be dismissed.

And now, to wit, February 2, 1949, the exceptions are dismissed.