## Jones *versus* Woods.

1. A voluntary service by one to another without a precedent request or subsequent promise forms no ground of action.

2. A precedent request may be inferred from the work being done under the defendant's eye and for his benefit.

3. An attorney performed professional services for the benefit of three jointly interested, at the request of two; in a suit against the third for compensation, the court charged, "that if the retention and services of counsel were for the benefit of all, and enured to the advantage of all, and all, the defendant included, were aware of the fact, then all are liable and should be made to pay for the services resulting to their general benefit." *Held* to be error.

October 8th 1874. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the District Court of *Allegheny county*: No. 6, to October and November Term 1874.

This was an action of assumpsit, brought June 5th 1871, by Robert Woods and Stephen Woods, partners, as R. & S. Woods, against Nelson Jones.

The declaration was, in the first count, for the "sum of $500, the price and value of work, viz., professional services," &c.; in the second, for $500, money received by defendant for plaintiffs' use; in the third, for $500, money paid, &c., by plaintiffs for defendant; in the fourth, for $500, found to be due by defendant to plaintiffs on an account stated. The damages were laid at $1000.

The case was tried April 19th 1872.

Robert Woods, one of the plaintiffs, testified that he had been employed, with the late Judge Hepburn, by Thomas Jones, Nelson Jones and Pressley Jones, in relation to a sale of their property to the Pittsburg & Steubenville Railroad Company; the company having bought their property for $66,000, made a payment of $5000, and failed to pay the balance. The plaintiffs obtained a decree against the company for the money due on the original purchase, and after much litigation the money was obtained, and Nelson Jones, defendant, received his proportion from the railroad company. The witness said: "During all the time I was attorney for those three parties, I never heard a breath to the contrary from them or any one else." He further testified as to the amount and character of his services and their value. Thomas Jones was the principal man; the defendant would sometimes meet him and ask him how they were getting along; the parties, except Nelson Jones, paid their share of plaintiffs' fees.

On cross-examination he testified:—

"Mr. (Nelson) Jones spoke to me occasionally and asked me how we were getting along with the suit. Judge Hepburn and I got up the title of the suit, and Nelson Jones signed it. The suit was brought in the name of Thomas Jones, Nelson Jones and

[Jones v. Woods.]

Pressley Jones; all signed the bill, and I appeared for them all. At different times, when one would die, I would suggest the death and put the names of the heirs upon the record. Mr. Nelson Jones knew of the proceedings all the time, all the way through; and whenever it was necessary took part in it." Nelson Jones was at plaintiffs' office several times in relation to the case; witness entered charges in his book against all three parties for professional services in relation to this business. Thomas Jones called on him first in relation to the case; he thought he saw Nelson Jones at that time too. He further said: "Mr. Nelson Jones certainly was my client as much as any gentleman I ever appeared for, and the idea that he disapproved of that proceeding is entirely new. I do not know that I asked him for the money, but I told him he ought to pay me his share of those fees. After he got his money from Stone, the property sold and everything straight, I thought I ought to have some fees from him, although I did not get any. I dropped his name out of that proceeding, although it enured to his benefit. I knew that he and his brother sometimes were not on very good terms, but Thomas attended to his own business and Nelson's too. Thomas managed the affairs of the whole estate."

There were other witnesses, who testified to the performance of the professional services by the plaintiffs, and as to their value.

Nelson Jones, the defendant, testified that he had never employed the plaintiffs in the business for the services for which this suit was brought; he never talked with them about it, except to ask how they were getting along; nor authorized them to institute proceedings in his name; he had other counsel; never talked to plaintiffs about his business, or authorized his brother Thomas to commence these proceedings or employ counsel.

The defendant's second point with its answer was:—

2. If the jury believe that Thomas Jones employed the plaintiffs to conduct the case and attend to the business, as testified to by defendant, then the plaintiffs should look to Thomas Jones for payment, and if there is any liability on the part of the defendant in this case, it is to Thomas Jones, for contribution or otherwise, and not to the plaintiffs.

Answer: "Affirmed, if the jury believe that the services were for the benefit *alone* of Thomas Jones. But if they find that the retention and services of counsel were for the benefit of *all* the heirs, and enured to the advantage of all, and all, the defendant included, were aware of the fact, then all of them are liable, and all should be made to pay for the services so resulting to their general benefit and advantage."

The jury, April 19th 1872, found for the plaintiff $1500.

On the 27th of April 1872, by leave of the court, the plaintiff amended their declaration by making the amount in each court $2000 and the damages $4000.

[Jones v. Woods.]

The defendant took a writ of error and amongst others, assigned for error the answer to his second point, and allowing plaintiff to amend his declaration.

*A. Blakeley,* for plaintiff in error.

*T. M. Marshall,*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, January 4th 1875.

We are of the opinion that the learned court below erred in the answer to the defendant's second point; not that the defendant was entitled to an absolute and unqualified affirmance of it, for upon the testimony of the plaintiff, the jury might have been justified in finding that Nelson Jones had recognised and ratified the employment of the plaintiff as counsel for himself and his brothers. One of the plaintiffs had testified that the defendant spoke to him occasionally; that the suit was brought in the name of Thomas Jones, Nelson Jones and Pressley Jones; all signed the bill, and he appeared for them all. Mr. Nelson Jones knew of the proceedings all the time, all the way through, and whenever it was necessary took part in it. Mr. Nelson Jones, on the contrary, denied that he had authorized or ratified the employment. Of the affirmance, however, the plaintiff in error could not have complained, but the court proceeded to qualify and explain it in a way that was well calculated to mislead the jury and turn their attention aside from the true question in the cause. In instructing the jury that if they should find that the retention and services of counsel were for the benefit of all the heirs, and enured to the advantage of all and all, the defendant included, were aware of the fact, then all of them are liable, and all should be made to pay for the services so resulting to their general benefit and advantage, there was manifest error. A voluntary service rendered by one man to another, without any precedent request, or subsequent promise, forms no ground of action. It is true that such precedent request will often be inferred from the work being done under the defendant's eye and for his benefit. But that is necessarily an inference of fact to be made by the jury from all the evidence. There were circumstances in the case which tended to show that after the sheriff's sale and the end of the equity case, the plaintiff dropped the name of Nelson Jones from the proceedings and no longer considered himself as his counsel. Yet the learned judge left it to the jury, if they found that the plaintiff's services resulted in benefit to the defendant, that he was liable to pay without either precedent request expressed or implied, or subsequent promise.

It is unnecessary to consider the remaining assignment of error that the court erred in allowing the damages in the declaration to be increased after verdict.

Judgment reversed, and a *venire facias de novo* awarded.