## Schwartz v. Keystone Oil Co.   Appeal of Marvin et al.

*Receivers—Costs—Paper-books—Commissions—Distribution of fund produced by action of excepting creditors.*

Where, on an appeal to the Supreme Court, the compensation of a receiver is fixed, and he is surcharged for the amount of credits which he has improperly taken in his accounts, he is not entitled to any additional compensation for the distribution of the fund covered by his account; but he may be allowed compensation for necessary services rendered in distributing the fund created by the surcharge.

Where in such a case the fund is created by the action of some of the creditors in taking an appeal to the Supreme Court, the fund belongs to the whole body of creditors, and not merely to those who took the appeal. The appealing creditors, however, are entitled to the cost of printing the paper-book in the appeal, together with a reasonable sum for the services of counsel.

Argued Oct. 2, 1894.  Appeal, No. 89, Oct T., 1894, by creditors, from decree of C. P. Venango Co., Nov. T., 1887, No. 4, dismissing exceptions to auditor's report.  Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.

Exceptions to auditor's report.

From the record it appeared that R. G. Lamberton, receiver of the Keystone Oil Company, was surcharged with the sum of $13,014.16, by a decree of the Supreme Court in Commercial Bank's Appeal, 153 Pa. 283.  C. A. Myers, Esq., was appointed auditor to distribute the fund thus created.  The auditor refused to allow the claim of the five creditors, who appealed from the decree affirming the receiver's account, for their expenses and counsel fees in taking the appeal.  He allowed the receiver $450 for further compensation, and $70.00 for counsel fees.  After deducting the costs of audit and the record costs, he recommended that the remainder of the fund should be distributed amongst all the creditors in proportion to their claims.

Exceptions to the auditor's report, by the creditors who appealed from the decree affirming the receiver's account, were dismissed by the court, in an opinion by TAYLOR, P. J.

*Errors assigned* were dismissal of exceptions to the action of the auditor in distributing the fund to all creditors pro rata, and not to the excepting creditors alone ; in not allowing exceptants counsel fees in the original proceedings and for printing paper-book on the appeal; and in allowing the receiver $450 compensation out of the fund; quoting the exceptions.

*Roger Sherman,* for appellants, cited : Kline's Ap., 86 Pa. 363; Shulze's Ap., 1 Pa. 251; Tomb's Ap., 9 Pa. 67 ; Fowler's Ap., 87 Pa. 449 ; Finney's Ap., 3 Pa. 312 ; Gratz v. Bank, 17 S. & R. 278 ; Yerkes's Ap., 8 W. & S. 224.

*C. Heydrick, Wm. McNair* and *Geo. S. Criswell, Carl I. Heydrick* and *Thos. McGough* with them, for appellees, cited : Martin's Ap., 23 Pa. 433 ; Landis v. Scott, 32 Pa. 495 ; Charlton's Ap., 34 Pa. 473.

*J. H. Osmer, E. H. Lamberton* with him, for receiver.

OPINION BY MR. JUSTICE WILLIAMS, Oct. 22, 1894 :

This appeal is from a decree distributing the sum of $13,959.16 secured by a surcharge of the receiver of the Keystone Oil Company. The surcharge was made by the decree of this court, upon the appeal of the same parties now before us as appellants, from a decree confirming the account of the receiver. The case is reported in 153 Pa. 283. The sum which the account admitted to be in the hands of the receiver was distributed by the same auditor to whom the present fund was referred. He ascertained at that time the names of the creditors of the Keystone Oil Company and the sums due them respectively, and nothing remained to be done at this time but to adjust the amount of the charges to be deducted from the fund, and distribute the remainder pro rata to some or all of the creditors in the list already settled by the action of the auditor and the court below. This was neither difficult nor laborious. Charges against the fund were presented by the receiver and by the appellants. The auditor adjusted the former, and rejected the latter. He then made distribution among the creditors pro rata. The correctness of his rulings on each of these subjects is challenged by the appellants, and we will consider the assignments of error in the order of the subjects just stated.

The accountant claimed an allowance for services in connection with the fund distributed under the decree of the court below, confirming the report of the auditor and directing payment in accordance therewith, made on the 3d August, 1891. That fund was paid over in May and June, 1892. The compensation allowed the receiver upon his account included the disbursement as well as the collection of the fund covered by it. That compensation was fixed by the decree of this court and cannot be increased by the auditor. So much of his claim should have been rejected. For services in connection with this fund he may be allowed compensation. This the auditor estimates may require ten days' time, and at the rate per diem which he allowed would entitle the receiver to the sum of two hundred dollars. The allowance for counsel fees and professional aid asked for and allowed is seventy dollars. The record costs are set down at two hundred and thirty dollars and five

cents ; and the costs of the audit at the sum of one hundred
and sixty-six dollars. The existence of this fund as an avail-
able one is due however to the efforts of the appellants.  We
agree with the learned auditor that it belongs to the creditors
and not alone to such of their number as excepted to the decree
of the court below and brought their appeal into this court.
Any of them had the right to appeal. Such of them as did so
expended their money for the common benefit of the class to
which they belonged and are entitled to be reimbursed before
distribution is made. Distribution of a fund is to be governed
by equitable considerations : Br. Equity Jurisprudence, page
548. The right to charge a fund with costs and expenses de-
pends on whether the litigation in which the costs and expenses
were incurred was in promotion of the interests of those event-
ually found to be entitled to the fund : Br. Eq. Jur. 555. Who-
ever had appealed, a paper-book and the services of coun-
sel were necessary. Money paid for such purposes was paid
to promote the interests of all who are entitled to share in
the fund and should be borne by the fund. The cost of the
paper-book, two hundred and fifty-five dollars, should be allowed
appellants, together with a reasonable sum for the services of
counsel in prosecuting the appeal from the decree confirming
the account of the receiver. This sum should be fixed by the
learned judge of the court below and when added to the other
expenses charged upon the fund will complete the list. The
learned auditor correctly rejected the claim for two hundred
and fifty dollars attorneys' fees in the original case. Such ser-
vices have no connection with this fund, and should be rejected
for the same reason that the claim for compensation of the re-
ceiver for services not connected with this fund has been re-
jected. The expenses chargeable to the fund are as follows :

| | |
|---|---:|
| Expenses of audit | $166.00 |
| Record costs | 230.05 |
| Compensation of receiver | 200.00 |
| Compensation to counsel of receiver | 70.00 |
| Cost of paper-book | 255.00 |
| | $921.05 |

To this should be added the allowance for attorneys' fees in
the case in which the paper-book was prepared. No expenses

connected with this appeal should be allowed except the taxable costs.

The remainder of the fund should be distributed pro rata among the creditors named in the auditor's report now before us.

This need not require a recommittal of the. case to the auditor as the calculation can be readily made by the clerk and without further cost.

We notice with surprise the following statement in the opinion of the learned judge of the court below: "The auditor as well as every member of the bar knows that, in equity cases particularly, only the judge who is assigned to write the opinion has any knowledge of the evidence in the case." We refer to this extraordinary statement not because of the temper or the taste it displays but because it is flatly untrue. After cases are heard they are examined by each of the members of the court who heard the argument, separately. They are then considered and decided upon consultation. After the decision has been made the case is assigned; and the duty imposed upon the justice to whom the assignment is made is to place upon the record the decision made by the court, and the reasons therefor. This is never done until the opinion has been first read and considered in consultation. If it does not then appear to a majority of the court to fairly state the conclusions actually reached in the case, it is modified or rejected altogether and a new one prepared and submitted in like manner. The decree in 153 Pa. 283 was, and the decree in this case is, the unanimous judgment of the court. The writer of the opinion is responsible for any want of distinctness in the statement of the conclusions reached, for the words are his; but the conclusions he states are those of the court, whose scribe pro hac vice, he is.

The decree appealed from is now reversed and the record remitted that the allowance to the appellants' counsel for services in carrying their appeal to this court and obtaining a decree surcharging the accountant, may be made by the court below, and that the balance of the fund, after deducting the items now allowed, be distributed as hereinbefore directed.