## Greek Catholic Union of Russian Brotherhoods of United States of America *v.* Russin et al., Appellants.

Argued December 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Thomas F. Farrell, Jr., J. Semionov Russin* and *R. Lawrence Coughlin,* for appellants.

*John E. Cotsack,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 6, 1941:

The question here involved is whether an attorney's retaining lien on money or property in his hands is restricted to cover only costs and fees in the particular case in which the money or property was received. The court below held that it is and we have this appeal by the attorneys asserting the lien.

The money and property in the attorneys' hands came from a foreclosure proceeding conducted by them for appellee. The fees claimed arise out of other and prior services rendered by them to appellee.

Attorney's liens can be divided into two distinct classes: the general or retaining lien and the charging lien: *Smyth v. Fidelity and Deposit Co. of Maryland,* 125 Pa. Superior Ct. 597, 190 A. 398, 326 Pa. 391, 192 A. 640. As to the charging lien, it has always been recognized that it extends only to services rendered in the proceedings creating the fund and not to services rendered in other cases: *Martin v. Throckmorton,* 15 Pa. Superior Ct. 632; *Aber's Petition,* 18 Pa. Superior Ct. 110. The general or retaining lien, however, extends not only to costs and fees in the particular cause in which the property came into the attorney's possession, but as well to costs and fees due the attorney from other professional business: *Norrell v. Chasan,* 125 N. J. Eq. 230, 4 A. 2d 88 (1939) ; Restatement, Agency, Sec. 464, comment h. For complete citation of cases, see 5 Am. Jur. 390; 7 C. J. S. 1155; 120 A. L. R. 1238. Here, the lien asserted was a retaining lien and not a charging lien and it follows that the court below was in error in restricting it to costs and fees in the particular case in which the money and property were received.

Decree reversed at appellee's cost. Record remitted for further proceedings not inconsistent with this opinion.