## Greek Catholic Union of Russian Brotherhoods of United States of America *v.* Russin et al., Appellants.

Argued December 1, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*R. Lawrence Coughlin,* with him *J. Semionov Russin,* for appellants.

*John S. Szabo* and *John E. Cotsack,* for appellee.

OPINION BY MR. JUSTICE PARKER, January 4, 1943:

In this action in equity the sole question presented is whether the defendants have a legal claim against the

plaintiff which entitles them as attorneys to withhold property and money of plaintiff which is in their hands.

The money and property withheld came into the possession of defendants in connection with the foreclosure of a mortgage for plaintiff at its request. The defendants claim a charging lien for fees and services in that matter, which claim is not disputed, and a retaining lien for fees and costs in an alleged prior employment. Plaintiff says that it did not employ defendants in the earlier matter and owes them nothing on that account. When the case was here before (340 Pa. 295, 17 A. 2d 402) we held that a retaining lien of an attorney "extends not only to costs and fees in the particular cause in which the property came into the attorney's possession, but as well to costs and fees due the attorney from other professional business" and remitted the record for further proceedings. The court below then considered the claim on its merits and held that, except for fees and costs in the particular cause, plaintiff was not indebted to defendants and ordered defendants to turn over the money and property withheld on payment to them of fees and costs due for services in the particular matter in which they received the property and money. Defendants have again appealed.

The plaintiff is a fraternal beneficial society and its "supreme law making and judicial authority is the Supreme Convention, composed of" various officers "and the delegates elected representatives of good standing subordinate lodges of the Senior Branch of the Union". Such a convention was scheduled to convene on June 22, 1936, and a large number of officers and delegates were present in Wilkes-Barre at the appointed place. A majority of all the delegates was excluded from or refused admission to the convention by action of the credentials committee. The defendants allege that this action was illegal and resulted from a plan or conspiracy on the part of certain officers to retain control of the affairs of the Union. The excluded delegates met apart from the place where the convention was to be held and appointed

a committee to consult counsel to the end that they might be admitted to the convention.

That committee employed defendants who instituted two mandamus actions. As a result of the efforts of counsel all the excluded delegates were admitted to the convention. At the request of the excluded delegates defendants also prepared an amendment to the charter of plaintiff and a new set of by-laws which were subsequently adopted by the convention without change.

The defendants were unable to show either by the minutes, which were carefully kept, or by parol evidence any specific action of the convention authorizing the employment of the defendants by the Union. They also failed to show any employment of defendants by any officers or body authorized by the by-laws to act for plaintiff when the Supreme Convention was not in session. In fact, their argument assumes that they were not employed by the corporation prior to the rendering of the service. They base their claim on two grounds, first, that the Union received the benefit of the services of defendants and should therefore pay for such benefit, that is, that it was unjustly enriched; and second, that the convention ratified their employment after the service was rendered.

The claim that plaintiff was unjustly enriched is without merit for there is not the slightest evidence that plaintiff received any *unjust* benefit. The services rendered in the mandamus proceedings were to and for the benefit of the excluded delegates who employed defendants. The wrong which was remedied was committed by the credentials committee and not by the corporation. If any benefit was received by the corporation it was so remote that it was merely incidental to that received by the excluded delegates and plaintiff is not chargeable on that account. One who improves his own land ordinarily benefits his neighbors but he is not entitled to restitution on that account: Restatement, Restitution, §1, comment c.

The new by-laws were likewise prepared for the delegates and not the Union, and so far as the Union was concerned defendants were mere volunteers. The general principle is thus expressed by Justice SHARSWOOD in *Jones v. Woods,* 76 Pa. 408, a case which involved a claim for services rendered by an attorney: "A voluntary service rendered by one man to another, without any precedent request, or subsequent promise, forms no ground of action." It is true that there are exceptions to this rule, as for example where a fund is created through the efforts of counsel (*Mann v. Wakefield,* 11 Pa. Superior Ct. 18, 22; *Schwartz v. Keystone Oil Co.,* 164 Pa. 415, 30 A. 297), or where the person on whose behalf the service is rendered is not sui juris and it is necessary for someone temporarily to protect his interests. The proofs in the present case form no ground for an exception to the general rule.

Finally, appellants contend that the convention subsequently ratified the action of the delegates and bound itself to pay the claim. In support of this position appellants depend upon this extract from the minutes of the convention: "Brother Solak wanted to know whether the Credential Committee should stand for the expenses of the Mandamus. Chairman Tkach replied that it is his understanding that the Greek Catholic Union shall stand for those bills." This was a mere statement by one member of the convention that he understood the Union should stand for the bill and cannot be construed as the action of the convention. The business of a corporation, and particularly one of the nature here involved, must be transacted in an orderly manner so as to disclose definite action. The mere opinion of one member of that convention did not bind the convention and, in fact, was but an indication of something that one member thought the convention might later do. More is required than was shown here to make the corporation liable for the engagements of third parties.

The decree of the court below is affirmed, the appellants to pay the costs of this appeal.