# In re Anonymous No. 59 D.B. 78

Disciplinary Board Docket no. 59 D.B. 78.

## REPORT OF THE HEARING COMMITTEE

### NATURE OF THE CASE

This case involves D.R.6-102(A) which provides: "A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice."

The Office of Disciplinary Counsel takes the position that there was a violation of this Disciplinary Rule. Respondent takes the position that it was not his intention to exonerate himself or limit his liability by inadvertently submitting general releases to his client. He contends further that if the presentation of the general releases to his client was a violation of the Disciplinary Rule, the rule is unconstitutional.

### STATEMENT OF THE CASE

In 1978, which was the time pertinent to this case, respondent and [A] were partners in the practice of law. During that time and, in fact, for some time prior thereto, respondent represented the

complainants, Mr. and Mrs. [B] in several matters, including a law suit in [C] County, Pennsylvania involving the [C] County Children's Service both as a plaintiff and as a defendant in a countersuit.

In 1978 the partnership was dissolved and [A] opened his own office. The [Bs] requested [A] to take over the handling of the case in which they were plaintiffs and were suing [C] County Children's Service. There is nothing in the record nor does [respondent] allege that there was anything improper or inequitable in the way in which [A] became counsel for the [Bs] or in his manner of proceeding.

There was reason to be concerned as to whether the partnership of [respondent] and [A] was responsible for possible malpractice, because the suit had been dismissed by the court for failure to prosecute. It appears that this may have been an erroneous action and a rule to show cause why the order of the court should not be vacated was filed.

At any rate, the [Bs] retained [A] as their attorney in the case against [C] County Children's Service. Exhibit P-1 is a certified copy of the docket entries of the case in [C] County. It shows an entry of appearance by "[respondent—respondent and A]." There is no withdrawal of appearance by either [respondent] or the firm, nor is there an entry of appearance by [A] in his individual capacity. However, it is clear that [respondent] did, in fact, turn over the file in this case to [A].

On June 15, 1978, which was before the file was turned over to [A] by [respondent], [respondent] sent a letter to Mr. and Mrs. [B] which is marked Exhibit P-2. In this letter, [respondent] states that he will release the files to [A] upon execution of three releases which he enclosed and which are part of Exhibit P-2.

The [Bs] filed a complaint with the Disciplinary Board in July of 1978 and the initial letter from the Disciplinary Board to [respondent] was mailed on July 21, 1978. The files were actually released to [A] on July 24 or 25.

## RULINGS ON ADMISSION OF EVIDENCE AND OTHER PROCEDURAL MATTERS

There are no rulings or procedural questions in controversy. Indeed, the hearing was short and considerably abbreviated by the willingness of counsel to stipulate uncontroverted facts.

The issues are very narrow:

1. Whether D.R. 6-102(A) was violated.

2. Whether there are any mitigating circumstances to excuse the violation, if there was one.

3. Whether D.R. 6-102(A) is constitutional.

## FINDINGS OF FACTS

1. Respondent is an attorney, duly qualified to practice law in the Commonwealth of Pennsylvania.

2. Respondent was in partnership with another lawyer, [A].

3. The partnership was dissolved in May of 1978.

4. Mr. and Mrs. [B] were clients of the law firm and had been clients of respondent prior to the partnership.

5. The partnership had represented the [Bs] in at least three separate cases, one of which is still pending in the Common Pleas Court of [C] County and in which the [Bs] are plaintiffs and [C] County Children's Service is the defendant.

6. After the partnership had been dissolved, the [Bs] retained [A] as their attorney.

7. The [Bs] made demand on respondent to turn over their file or files to [A].

8. On June 15, 1978 respondent sent a letter to the [Bs] together with three releases stating that he would deliver the files to [A] upon the execution of the three releases by Mr. and Mrs. [B].

9. The [Bs] filed a complaint with the Disciplinary Board.

10. The Disciplinary Board sent a letter to respondent alleging violation of D.R. 6-102(A) on July 21, 1978.

11. On July 24 or 25, 1978 respondent delivered the files to [A].

## DISCUSSION

It is admitted by respondent that he did send the letter of June 15, 1978 to Mr. and Mrs. [B] and that it did, in fact, contain three general releases. In the opinion of the hearing panel, this is a violation of the provisions of D.R. 6-102(A). Respondent testified that he had given instructions to his secretary to send the letter with releases, which were intended only to authorize him to turn the files over to [A], but that his secretary erroneously prepared general releases, specifically covering cases which had been handled by the partnership. The hearing panel has difficulty accepting this explanation because the language used in the releases is such as would be expected to be used by a lawyer and not by a secretary. Further, inasmuch as [respondent] sent the letter containing the releases over his signature, it must be assumed that he read the letter and inspected the enclosures. Even if he did not, he is chargeable for the material that went out over his signature. In other words, the committee is not con-

tent with the explanation given by the respondent and does not believe that the explanation can be accepted in mitigation.

The hearing panel is aware of the fact that an attorney may have a lien on a file for work which he has done. See Greek Catholic Union etc. v. Russin, 340 Pa. 295, 17 A. 2d 402 (1941); see also the recent opinion by the Philadelphia Professional Guidance Committee appearing in the Retainer Supplement to the Legal Intelligencer of January 16, 1979. However, respondent did not assert a lien on the file, but rather seemed to be concerned with a possible malpractice suit against him. What he attempted to do was contrary to the Disciplinary Rules of which he may not have been aware.

Assistant Disciplinary Counsel and the Reviewing Board Member had undoubtedly considered this when they recommended an informal admonition. Respondent, as was his right, requested a hearing. Using the abbreviated procedural form approved for use, the hearing committee found that respondent had violated D.R. 6-102(A) and recommended an informal admonition, which decision respondent also refused to accept.

The hearing panel has read with care the brief submitted by counsel for respondent and is not impressed with the argument as to the unconstitutionality of D.R. 6-102(A). The cases cited by counsel for respondent deal with the right of free speech. These cases have nothing to do with the issue before this hearing panel. The question presented in this case is whether lawyers, who have a monopoly on the handling of litigation, can insist on being relieved in advance of a judicial determination of their liability for an act of negligence or, as in this case, can be relieved from being obliged to explain

in a judicial proceeding, that what was done by the lawyer in the handling of a case was, in fact, not negligent.

It seems to this hearing panel that clients, who are not learned in the law, are entitled to explanations of the complicated legal maneuverings that are involved in the handling of cases and if it should turn out that what was done was not in accordance with the standards of the legal profession, that the lawyer should be answerable for his negligence. As a matter of fact, a holding to the contrary would probably be unconstitutional.

The hearing panel does not believe that this respondent intentionally violated the disciplinary rules. We believe that either he did not know of the existence of D.R. 6-102(A) or that he had not given it any thought. However, a lawyer, as anyone else, is responsible if his conduct violates any of the accepted rules or laws. The panel believes that this respondent did violate D.R. 6-102(A) and the informal admonition is the least that could be recommended under the circumstances.

## CONCLUSIONS OF LAW

1. Respondent in requesting that the three general releases be executed by Mr. and Mrs. [B] in the letter of June 15, 1978 violated D.R. 6-102(A).

2. D.R. 6-102(A) is constitutional.

## RECOMMENDED DISPOSITION OF THE PETITION

The hearing committee recommends that the recommendations of Assistant Disciplinary Counsel, Chief Disciplinary Counsel and the Reviewing Member be affirmed and that respondent be informally admonished.

## ORDER

And now, June 15, 1979, the report and recommendation of hearing committee [ ] dated May 9, 1979, is accepted; and it is ordered and decreed that the said [respondent] of [ ] County, be subjected to an informal admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement.