## Allen Township Ambulance Corps v. Renoll

*Daniel G. Spengler*, for plaintiff.
*Nicholas Noel III*, for defendant.

FREEDBERG. *J.*, September 21, 1987—This matter is before the court for disposition of defendant's preliminary objection in the nature of a demurrer. The complaint contains allegations that plaintiff provided ambulance service to transport defendant from the scene of a vehicle accident in which she "was injured and in a disoriented state and unable to authorize service." A few hours after her arrival at Muhlenberg Medical Center, it was necessary to transfer plaintiff to Easton Hospital, at the request of Muhlenberg Medical Center. Defendant remained disoriented throughout. For the transportation, the plaintiff seeks $338. Defendant filed a preliminary objection, contending that, since she did not contrac. for the services provided by the ambulance corps, she does not have to pay.

In *Jones ɩ '7oods,* 76 Pa. 408 (1874), the Supreme Court held that a voluntary service rendered by one to another, without any precedent request, or subsequent promise, forms no ground of action. However, in *Greek Catholic Union v. Russin,* 346 Pa. 236, 29 A.2d 489 (1943), it was noted that there is an exception to this rule, where the person on whose behalf the service is rendered is not sui juris, and it is necessary for someone temporarily to protect his interests. Further, an agreement to pay for

medical services is implied by law unless the services were intended to be and were accepted as a gift or act of benevolence. *McKeehan Estate*, 358 Pa. 548 (1948). Unlike the rule in England, where it is held that medical services are rendered gratuitously in the hope of an honorarium in the absence of an express contract, it is the universal rule in the United States that those providing medical services are entitled to compensation under an implied agreement to pay for them. Physicians, Surgeons, and Other Healers, 61 Am. Jur. 2d §380, provides in relevant part:

"Ordinarily, such an agreement may be implied in fact, but such implication is not necessary to the physician's right of recovery, for the law will imply the agreement in the absence of any agreement in fact. So, a physician attending an unconscious man at the request of a third person has a right, growing out of the agreement implied in law, to recover the reasonable value of the services from the patient, or from the estate of the patient in case the latter dies."

Given the public policy in favor of establishing and maintaining an effective and efficient emergency medical services system in Pennsylvania, we have no difficulty in applying this doctrine to the provision of ambulance services to an unconscious accident victim such as defendant. See the Emergency Medical Services Act, 1985, July 3, P.L. 164, 35 P.S. 6921 et seq.

Wherefore, we enter the following

### ORDER

And now, this September 21, 1987, the preliminary objection of defendant is denied and dismissed. Defendant is granted leave to file a responsive pleading within 20 days from the date of this order.